Curia, per
Wardlaw, J.
“An Act concerning the office of Sheriff,” passed 1795, (5 Stat. at Large, 257,) directs that every person elected to the office of Sheriff, shall “enter into a bond drawn payable to the Treasurers of .the State for the time being, and their successors, conditioned for the due and faithful discharge of the duties of the said office:” that the sureties shall, severally, be liable, “each one for his equal part of the whole sum” of the penalty, and no more ; and the third section is as follows: “That the bonds to be given by the Sheriffs, according to this Act, and to be deposited in the treasury, may at all times be sued for by the public, or any private person who shall or may think themselves aggrieved by any misconduct of any Sheriff; for which purpose, the Treasurers for the time being, and each of them, upon application at the treasury office, shall deliver to any person applying therefor, and paying the fees for doing the same, an exact and certified copy of any Sheriff’s bond there deposited; which copy, so certified, shall be good and sufficient evidence, in all the Courts of this State, in any suits so to be instituted: provided., nevertheless, it shall not be lawful for any person who shall conceive himself aggrieved by any Sheriff, to commence any action against the security hereby required to be given, until a return of nulla bona shall have been made on some execution to be issued against the said Sheriff, either at the suit of the person aggrieved, or some other person.” “An Act concerning the bonds of public officers,” passed 1829, (6 Stat. at Large, 383,) prescribes the form of a bond to be given by every public officer from whom bond is required, provides for the distribution of blanks, exacts from all an oath, in nearly the same words which a section of the Act of 1795 employs, in prescribing an additional condition of a Sheriff’s bond, and the 5th section is as follows: “The bond of any public officer in this State may, at all times, be sued on by the public, any corporation, or private person, aggrieved by any misconduct of any such public officer: for which purpose, the Treasurers for the time being shall deliver to any person applying therefor, and pay *6 ing the fees for doing the same, an exact and certified copy of the bond of such public officer there deposited; which copy, so certified, shall be good and sufficient evidence in all suits to be instituted in any Court of this State.” “An Act concerning tbe office, duties and liabilities of Sheriffs,” passed 1839, (Pamph. p. 26,) in the 3d section, directs, that the bonds of the Sheriffs shall be given in certain penalties, and the4th section isas follows: “Every surety to the bond of a Sheriff shall be liable for the . whole penal sum therein expressed; nor shall any return of nulla bona, on any execution against the sheriff, be henceforth necessary before legal resort may be had against his sureties, or any of them; Provided, that there shall be liability to contribution among the sureties aforesaid, as in cases of joint suretyship.”
Upon the first ground of appeal, it has been contended that the return of nulla bona required by the Act of 1795, is either repugnant to the Act of 1829, or, being expressly made thenceforth unnecessary by the Act of 1839, is immaterial in suits even upon bonds of date prior to the latter Act. The repugnancy of the Act of 1829, has been pressed with great force; and, as the Court is divided, and the argument has been strong, the subject will be carefully considered. The requisition of the return of nulla bona having, in the Act of 1795, been made in the form of a proviso, the argument has been, that a proviso is a qualification of a previous rule; that the rule admitted suits “at all times,” and the proviso restraining the commencement of a suit against the sureties, “until a return of nulla bona shall have been made,” is a special qualification of the rule as to the time when suits may be commenced; and the re-enactment of the rule in 1829, without the proviso, is a repeal of the proviso, inasmuch as the qualification provided would be inconsistent with the rule re-enacted without qualification.
The meaning of the Legislature, however, is not always to be obtained by an exact attention to the form of its enactment. A proviso may be a qualification of a rule, but under a “provided, nevertheless,” may be found sometimes a proviso, sometimes an exception, sometimes the exclusion of an inference, and sometimes an independent provision. *7 Where there is a substantive expression of the legislative will, it will be influential, even although the words conveying it are seemingly dependent upon others that are af-terwards repealed, or enacted in a different form. The main purpose of the section of the Act of 1795, which has been quoted, seems to have been to allow to all persons aggrieved, the use of the names of the public officers, to whom the bonds of Sheriffs were to be payable, and to facilitate the proof in actions upon those bonds; as the 5th section of the Act of 1829 was intended, after a change in the form of the bonds, to allow the use of the name of the State, and to extend to the bonds of all public officers the facilities before provided, as to Sheriff’s bonds. But the “provided, nevertheless,” <fec., in the Act of 1795, is no qualification of a previous rule; it is, in effect, an enactment, that in a suit upon a Sheriff’s bond, no recovery should be had against a surety, unless, before the commencement of the suit, a return of nulla bona had been made against the Sheriff. Instead of standing, in form, as independent as it is in substance, this enactment is, by a verbal connexion, appended to the section whose main purpose is before indicated; but a strict adherence to the words would give us an inadequate idea of the meaning. “It shall not be lawful to commence any action until a return,” (fee. Was the Treasurer to enquire as to the return, before giving a copy of the bond'? Was the unlawfulness of commencing the action, to be otherwise punished than by the failure of the action ? rJ¡ he provision appended related to the nature of the security’s liability, not to the mode in which persons aggrieved should obtain redress ; and when the Act of 1829 prescribed the form of proceeding, and proof as to the bonds of all public officers, the nature of the surety’s liability, in case of a Sheriff’s bond, was no more connected with the subject under consideration, nor more, probably, in contemplation of the Legislature, than was that other provision of the Act of 1795, peculiar to a Sheriff’s surety, which limited the extent of his liability to an equal share of the bond. Under this view of the Act of 1829, the regulation of 1795, as to the nature of the surety’s liability, was, in 1836, (when the bond sued on in the case before us, was executed,) a part of *8 the contract; and to change the collateral obligation thus assumed by the surety, into the ordinary responsibility of a co-obligor, would be like converting an endorser into a joint and several maker. It is not to be lightly presumed that the Legislature, in 1839, intended such a violation of contract; and by a just construction of what was then enacted, it seems that no retrospective operation, so as to embrace bonds before that time given, was intended. “Every surety to the bond of a Sheriff, shall be liable for the whole penal sum therein expressed,” is a provision apparently general, embracing as well sureties to bonds before given, as those to bonds afterwards to be given ; yet it has been conceded that this provision was intended to extend only to bonds thereafter to be given. By its juxta-position, it is connected with the previous section, which speaks of bonds “to be given,” and the injustice of extending it further, is too plain to be imputed to the Legislature. In the next member of the sentence, “nor shall any return of nulla bona, on any execution against the Sheriff, be henceforth necessary.” The Sheriff meant, is the Sheriff before mentioned, the Sheriff hereafter to give bond, and the resort is permitted to his sureties. The “provided,” «fee., which follows, is an exclusion of any inference against the right of compelling contribution, which relates only to the first member of the sentence, thereby making it more plain, that the intervening member is to operate at the same time, and on the same subjects. The whole 4th section of the Act of 1839, when analyzed, provides that neither the preexisting regulation, as to the extent of the surety’s liability, nor the pre-existing regulation as to the nature of his liability, shall be applicable to bonds afterwards to be given, but that thence no inference shall arise unfavorable to the right of compelling contribution. Viewed in this light, the repeal of the pre-existing regulations, is a legislative exposition, declaring their force until that time. The Act of 1839 was intended to group together and digest all the statutory law as to the Sheriffs, and necessarily contained the repeal of regulations which, until that time, had existed, and then were thought inexpedient, but cannot well be supposed to contain a repetition of repeals before enacted, of regulations that had once been of force, but had been abrogated *9 ten years before the digest was proposed. It was then part of the contract made by the sureties before us, that they should not be liable to recovery, unless a return of nulla bona had been made against their principal, before action brought against them. No such return was made, and it could no more be supplied by an act, nunc pro tunc, than could a demand, or any other matter, which is necessary to the right of action.
That the return of nulla bona was required only as evidence of insolvency, does not appear in the statute, requiring it; there may be well conceived an advantage to the sureties, in having the return required, rather than proof of insolvency by reputation, or than even an assignment under the insolvent laws, Sufficient, however, it is to say, that the sureties had a right to insist upon their contract, and to require what the law had required as a condition, precedent to their liability. The motion is dismissed.
We concur. J. S. Richadson, Josiah J. Evans, B. J. Earle.
O’Neall, J. does not agree to the law laid down in this case.
Butler, J. absent.